## No. 739.

### THE STATE vs. JAMES ATKINSON.

Persons on trial for alleged crimes have a right to demand that *all* of the regular venire of jurors present, and not then engaged on other jury duty, shall be submitted to their acceptance, or rejection, before talesmen are resorted to for the formation of juries.

APPEAL from the Seventeenth Judicial District Court, parish of Natchitoches. *Pierson*, J.

*W. P. Hall*, District Attorney, for the State.

*C. F. Dranguet* and *J. F. Smith*, for defendant and appellant.

The opinion of the court was delivered by

MARR, J. The accused was indicted, tried, and convicted of assaulting R. W. Allison, by willfully shooting at him. Having been sentenced to imprisonment in the penitentiary, at hard labor, for one year, he has brought the case before us for review.

The only question for our consideration is that presented by the bill of exceptions as to the formation of the jury.

The case was reached late in the evening of the day on which it had

been fixed for trial. Two juries were then out in cases in which verdicts had not been rendered, and there were, on those two juries, five only of the regular venire. The accused announced himself ready for trial, and the sheriff proceeded to call the jury. Four only of the venire answered, and the names in the box were exhausted. Thereupon the judge ordered the sheriff to summon twenty-six talesmen, to be in attendance the next morning at nine o'clock; and the court adjourned to that hour.

When the court met next morning, and the trial was resumed, the two juries that were out when the court adjourned the evening before had been discharged, and the five veniremen who had been on those two juries were present in court. The sheriff began to call the talesmen, in order to complete the jury, when the counsel for the accused objected, and moved the court to order the sheriff to call into the jury-box the five veniremen in question. The judge refused to do this, on the ground that the talesmen and the four regular jurors who had answered to their names constituted the lawful jury for the trial of the case, and not the rest of the regular panel, who had not answered; and he ordered the sheriff to call the talesmen. The jury was completed, being composed of one of the four veniremen, who had been called the evening before, and eleven men chosen from the talesmen, who had been summoned by order of the court.

The accused reserved his bill of exceptions; and, after a verdict of guilty, with a recommendation to the mercy of the court, he moved for a new trial, on the same ground, that the talesmen could not be resorted to until after the veniremen in court had been called.

The judge proceeded under the act of 1873, section ten, page 168, which is as follows:

"When the regular venire shall have been exhausted, and it is necessary to summon talesmen, it shall be competent for the district judge to determine how many shall be summoned, at what time the summons shall be returned, and from what part of the parish they shall be summoned; and he shall not be required, when, in his opinion, the public interests may suffer from so doing, to order the talesmen to be summoned from among the bystanders or persons in proximity to the court-house, but he shall have the discretion to order the talesmen from any part of the parish he may deem best."

The sheriff had called all the names in the box, and the regular venire had been exhausted. Obviously, it had become necessary to summon talesmen. It can not be questioned that the judge might have directed the sheriff to call the bystanders, those who were in the court-room and such persons as might have been outside in proximity to the court-house. Possibly, the jury might have been completed, and if it had been so completed, there can be no doubt it would have been legally formed. The

judge could not know when the two juries that were out might find verdicts and be in court; and he could rely on four only of the regular venire who had answered to their names. A due regard for the public interest, as well as for the right of the accused to a speedy trial, by an impartial jury, required the judge to order a sufficient number of talesmen to be summoned to secure the completion of the jury, and so to fix the time for the return of the summons as to enable the sheriff to have in attendance more suitable persons for that service than he would probably have found among the idle spectators in the court-room, or those who might be loitering about the court-yard.

If, at the opening of the court next morning, the two juries had still been out, it would have been the duty of the court to proceed to have the talesmen called and the jury completed. But the state of things which existed at the time of the adjournment the evening before had ceased to exist. The two juries had completed the service in which they were then engaged, and were ready for service as regular jurors for that term.

The act of 1873 evidently contemplates and intends that the venire summoned in accordance with its provisions shall, as far as it may be practicable, perform the entire jury duty of the term for which they are summoned.

After directing how the names of the persons to be summoned as jurors shall be drawn, section five declares that "the persons whose names have been so drawn *shall be the jury for the said court.*" It requires the list, so soon as completed, to be preserved in the clerk's office, "open to inspection," and to be published in at least three issues of the official journal, if one be published in the parish, or any other paper, or posted at the court-house door if there is no official journal or other paper published in the parish.

The object is, undoubtedly, to give all parties interested an opportunity to know who will compose the jury at the ensuing term, and to ascertain their fitness to serve in that capacity. Parties accused have the right to demand that they shall be tried by jurors selected from this list, if practicable, and that other persons, talesmen, shall not be resorted to until after the regular venire shall have been exhausted.

When the court met four of the venire had already been called and were in the jury-box, and five others, who were absent when the call was made, were present, not excused by the court, and not engaged in jury duty. It was the right of the accused to have all of the regular venire in attendance presented to him for acceptance or rejection; and as the five who had not answered the evening before were then in attendance, the regular venire had not been absolutely exhausted, and they should have been called first, and the talesmen should been called only after all

35

of the regular venire in attendance had been called and the list had been actually, absolutely exhausted.

The court need not wait, should not wait, when the names of the regular venire have once been called; but if, before the talesmen are called and the jury completed, members of the regular venire who were not present at the first calling come into court, they should be called, and the jury completed from them if practicable. Manifestly, the jury could not have been completed without calling the talesmen; but the accused was entitled to have as many of the venire on the jury as might be found qualified and should not be challenged. We see no reason to doubt that the talesmen were proper persons and suitable jurors; but we do not think it safe, in criminal cases, to compel the accused to submit to a trial by any other than a jury selected from the regular venire, where such a jury can be impaneled; and no right which the law has given to the citizen, no safeguard which has been provided for the protection of life, or liberty, or property should be disregarded by the judicial tribunals.

We think our learned brother of the court below erred in refusing to have the five veniremen called into the jury-box before resorting to the talesmen.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; that the verdict of the jury be set aside, and that the case be remanded to be proceeded with according to law.