State vs. Thibodaux.

## No. 12,226.

### STATE OF LOUISIANA VS. OCTAVE THIBODAUX.

The jury law of 1894 authorizes a trial judge, when, in his discretion, he thinks it necessary and proper, to require the jury commission to select additional jurors for service, either as regular jurors or as talesmen, and they shall be summoned without delay, or within such time as the judge may indicate; and in interpreting a similar law, this court held this to be a proper exercise of legislative authority, and a sound public policy.

In a motion for new trial only such matters can be availed of as shall have transpired during the progress of the prosecution, and its refusal because of alleged nullities in the proceedings not adverted to during the trial, nor brought to the attention of the jury, will not be reviewed by this court.

The use of the words " then and there " in an indictment for perjury are not so sacramental that they should appear in exact conjunction therein, and being separately employed in the same sentence of the portion of the information charging the taking of the false oath, it will be deemed sufficient.

In such an indictment it is not essential that the authority and jurisdiction of the court administering the oath should be expressly averred if they sufficiently appear from the facts set forth, and when the presentation for perjury is in the same court in which the perjury was committed, it may take judicial cognizance of its own jurisdiction if the indictment sufficiently sets forth the facts.

APPEAL from the Eleventh Judicial District Court for the Parish of Acadia.  *Dupré, J.*

*M. J. Cunningham*, Attorney General, and *R. Lee Garland*, District Attorney, for Plaintiff, Appellee.

*Philip S. Pugh* for Defendant, Appellant.

Submitted on briefs November 7, 1896.
Opinion handed down November 15, 1896.
Rehearing refused January 4, 1897.

The opinion of the court was delivered by

WATKINS, J. Having been convicted of the crime of perjury and sentenced to hard labor in the penitentiary for a term of five years, the defendant has appealed.

The grounds upon which his counsel relies are the following, as extracted from his brief, viz.:

"The defendant relies for a reversal on the following points:

" 1. That the jury which tried him was unlawfully constituted, because the panel from which it was drawn was illegally constituted, for the reason that the judge and the jury commissioners had neither power nor authority under the law to draw a panel in the middle of the term.

" 2. That the motion for a new trial should have been sustained, for the proceedings in which the perjury was alleged to have been committed had been declared absolutely null and void by the Supreme Court, and that, under the law, no conviction of perjury could lie in a prosecution which had been finally terminated by a decision of that character.

" 3. That the indictment is fatally defective in not alleging that the oath was taken before an officer *having authority to administer oaths,* as required by law, and that the time and place where the oath was administered was not described by the use of the technical words ' then and there.' "

The charge of perjury consists in a certain alleged false statement made in a matter material to the issue in the cause entitled State of Louisiana vs. Octave Thibodeaux *et als.*, the present defendant and Auguste Thibodeaux being therein jointly indicted with the murder of Hugh Geiger—the homicide having been caused by the wrecking of a train on the Midland Branch of the Southern Pacific Railroad connecting with Eunice.

On the first trial of said cause the defendant is alleged to have sworn that he was present at the wrecking of said train, whereas at a subsequent trial of the same cause he swore as a witness to an exactly contrary statement, viz.: that he was not present but was at his own home.

I.

Preliminarily, the defendant's counsel filed a motion to quash the venire of jurors drawn from the third week of the term, and challenged the array for the following reasons, to-wit:

"That on the 17th of June, 1896, the court ordered the drawing of a jury panel for the fourth week of the term, the week for which they were drawn being the following week, commencing June 22, 1896," and that the drawing of said jury was *ultra vires* and void, for the reason that the jury commissioners had no power or authority under the law to draw said panel, and that if the defendant is tried before a jury drawn from said panel it will result to his great injury, and that any verdict or sentence thereunder rendered would be likewise illegal and void.

" That Sec. 6 of Act 89 of 1894, under which the panel was apparently drawn, contains no provision under which same could be legally drawn."

The trial judge overruled the motion to quash on the ground that Sec. 6 of Act 89 of 1894 authorized the drawing of the jury as it was done, and that a like statute was so interpreted by this court in State vs. Wright, 41 An. 600.

The section of the statute referred to is of the following tenor, viz.:

" That whenever the District Judge thinks proper he shall require the jury commission to select additional jurors for service, either as regular jurors or as talesmen, and they may be summoned without delay, or within the time the judge requires," etc.

In disposing of a similar motion to quash the array we said in the case above cited, that " as a matter of public policy the Legislature saw fit to authorize the judge during the term, when he deemed it necessary, to order the additional jurors."

There is practically no distinction between the two statutes. The motion to quash the array is not well taken.


II.


The motion for new trial is chiefly directed to the effect of the annulment of the judgment and sentence pronounced in the case of State vs. Thibodeaux, in which the perjury of the defendant is assigned, same having been annulled and reversed by the decree of this court. And the point is made in the motion that, under the law and settled jurisprudence, no conviction of perjury could lie upon testimony given in the course of a prosecution which was subsequently declared null and void.

There was no objection made to the indictment on that ground, and no testimony tendered in the course of the trial tending to establish the nullity of the aforesaid judgment.

Whether the perjury was committed in a prosecution which was subsequently annulled by a decree of this court, on account of an invalid indictment, was a question of fact for the jury to determine; and upon administration of proof upon the subject on behalf of the defendant, it would have become the duty of the trial judge to have charged the jury upon that subject.

But the record discloses that no proof was adduced upon that subject before the jury, and it does not appear that this question was mooted in their presence. Consequently, it was not disposed of by the verdict of the jury.

It seems evident to our minds that some objection should have been interposed at the trial to the introduction of testimony on behalf of the State, or an effort made by defendant to bring to the attention of the jury the alleged nullity of the judgment and sentence in the case of State vs. Thibodeaux (48 An. 600) as affecting the present prosecution for perjury.

For it is elementary that a jury can pass upon nothing but evidence in disposing of a criminal case; and it is equally plain that the trial judge is powerless to grant relief upon a motion for new trial, except for causes arising in the course of the prosecution.

· But counsel insist that as a matter of law, it was the duty of the trial judge to have taken cognizance of the evidence—the record and opinion of this court which were introduced on the trial of the motion—and finding the verdict and judgment to have been annulled, and declared absolutely void, he should have granted a new trial to have afforded the defendant relief.

Reviewing the authorities we find the trend of them just the other way.

Mr. Wharton says:

" A suit which is actually void and null for want of jurisdiction, or other incurable defects, is not one in which perjury can be committed. But if the proceedings are merely voidable, even though there be such defects as require a reversal on error, false swearing in its conduct is perjury, if such false evidence could by any contingency be introduced as testimony." 2 Wharton's Crim. Law, Secs. 2225, 2212; 2 Bishop's Crim. Law, Sec. 1028.

Now it appears that the verdict and judgment in State vs. Thibodeaux were annulled and reversed because of an illegality in the drawing of the grand jury by whom the indictment was found. There was no want of jurisdiction of the court, or informality in the indictment. Our decree annulled the verdict and sentence, and " remanded the case to be proceeded with according to law."

State vs. Thibodeaux, 48 An. 600.    The motion was properly refused.

### III.

The defendant's motion in arrest of judgment assigns, that the information is fatally defective in not setting out specifically that the defendant did " then and there " before the Hon. W. C. Perrault, presiding judge, take his tcorporal oath—the information simply employing the word " then " only.   And that said information is further fatally defective in not setting forth that the defendant was sworn by an officer, or by any one having authority to administer oaths—same being absolutely essential to the validity of the information.

The information contains the following declaration, viz.:

" On the twenty-seventh day of June, A. D. 1895, a certain issue was joined in the Eleventh Judicial District Court of Louisiana in a certain action wherein the State of Louisiana was plaintiff, and Octave Thibodeaux and others were defendants; and that afterward, to-wit, on the day and year aforesaid, at the sitting of said court in and for the said parish of Acadia, the Hon. W. C. Perrault, presiding judge, that said issue came on to be tried, and was *there* tried in due form of law by a jury of the said parish of Acadia, in that behalf duly taken and sworn between the said parties; and upon the said trial, upon the issue aforesaid, one Octave Thibodeaux did *then* appear and was produced as a witness in his own behalf and in behalf of his co-defendants on trial of the issue aforesaid, and the said Octave Thibodeaux did *then*, before the Hon. W. C. Perrault, presiding judge as aforesaid, take his corporal oath and was *then* duly sworn," etc.

Now, while it does not appear that the words " then and there " —and which defendant's counsel insists are sacramental—were conjunctively used in the information, yet they were both employed separately in the same sentence of the information.   For instance:

"Said issue came on to be tried and was *there* tried in due form of law;" and "upon the said trial upon the issue aforesaid, one Octave Thibodeaux did *then*, before the Hon. W. C. Perrault, presiding judge as aforesaid, take his corporal oath and was *then* duly sworn," etc.

In our opinion the quoted language of the information suffices and fulfils the requirements of the law.

Upon the next proposition there appears to be even less difficulty, as it clearly appears that the case of State vs. Thibodeaux, in which the perjury is assigned, and the instant case were both tried before the same court, the same judge presiding at the trial of both cases. And from the foregoing extract from the information it fully appears that defendant was charged with having taken his corporal oath and being duly sworn "before the Hon. W. C. Perrault, presiding judge."

The alleged false oath having been taken before, or in the presence of the presiding judge, in open court, same was a judicial oath; and it has been settled by adjudications of this court and the opinions of text writers that when perjury is assigned on a judicial oath, it is sufficient that the person acting is one of a class of officers having *prima facie* authority, and does administer the oath with due formality and solemnity, in the presence of the court, it having jurisdiction of the proceedings. State vs. Dreifus, 38 An. 877.

In the absence of formal averment, that the court in which the false oath is alleged to have been taken had competent authority (R. S., Sec. 858), it has been held sufficient that the jurisdiction and authority of the court fully and substantially appear from the facts set out in the indictment. State vs. Schlessinger, 38 An. 564; 2 Bishop, Criminal Practice, Sec. 914.

In the case cited we said:

"If a court may take judicial notice of anything, surely it may do so of its own jurisdiction in a case which was pending before itself."

And in the immediate succeeding case we repeated and emphasized what was said in Schlessinger's case, employing this language, viz.:

"That, in an indictment for perjury, it is not essential that the authority and jurisdiction of the court administering the oath should be expressly averred, if they sufficiently appear from the facts set out; that when the presentation for perjury is in the same court in which the perjury was committed, it may take judicial cognizance of

its own jurisdiction, if the indictment sufficiently sets forth the facts," etc. . State vs. Grover, 38 An. 567.

The foregoing decisions appear to have solved the proposition contended for by defendant's counsel, unfavorably to his pretension.

To such a case as is here presented, the provisions of Revised Statutes, Sec. 858, does not apply.

There is discoverable in the proceedings no serious charge of error, and the defendant is entitled to no relief at our hands.

Judgment affirmed.