LAND, J.
Defendant was convicted of perjury and appeals from a sentence of imprisonment at hard labor for one year.
The only bills of exception taken during the trial were based on objections to the trial of the case by tales jurors. It appears that of the regular venire 12 jurors were deliberating on another case, leaving only 9 in attendance on the court; the remainder having been excused or having failed to appear. The 9 regular jurors were called into the box, and the court ordered tales jurors to be summoned to complete the panel. This proceeding presents no ground of reversible error. State v. Riggs, 110 La. 512, 34 South. 655. The right of the accused was confined to the calling of the regular jurors not then engaged in the trial of the other case. State v. Ross, 30 La. Ann. 1154; State v. Atkinson, 29 La. Ann. 543.
The charge of perjury against the defendant was based on alleged false testimony given by her in the case of State of Louisiana v. Frank Gregg, No. 10,573 on the docket of the court below. It appears that Frank Gregg was indicted for burglary and larceny and was duly arraigned and pleaded not guilty. On the day fixed for the trial, the following proceedings were had, according to the minutes:
“Counsel for defendant in open court moves to withdraw his plea of not guilty and files a demurrer. Demurrer overruled. To which ruling counsel for defendant reserves bill of exceptions.”
Whereupon, the defendant being present at the bar in open court, the case was called for trial. The district attorney and the defendant, represented by his counsel, H. C. Fisher, Esq., announced themselves ready for trial. A jury was called, and the case tried; but, the jury failing to agree, a mistrial was entered, and the case was reset.
It is stated in defendant’s motion for a new trial and bill of exceptions (but does not otherwise appear) that on the second trial Frank Gregg was found guilty, but that the verdict was set aside on a motion in arrest on the ground that Frank Gregg had not been arraigned and had not pleaded to the indictment.
The motion for a new trial sets forth substantially the above state of facts, and defendant’s contention is that the trial in State v. Frank Gregg was absolutely void for want of an issue, and for the same reason the testimony of the defendant given in that ease was immaterial and irrelevant. ,
In his reasons for overruling the motion for a new trial, the judge says:
“And as to that part of the motion for a new trial based on alleged want of arraignment and plea in the case against Frank Gregg, there was no evidence offered to show said alleged want of arraignment and plea, inasmuch as the record in the case of State v. Frank Gregg was offered by the state on the trial of said motion, was strenuously opposed by attorney for mover *613 in said motion, and was admitted in evidence specifically restricted to the purpose of proving the jurisdiction of the court and the materiality of the evidence given in the trial constituting the alleged perjury.”
The motion for a new trial was based, on the ground that there was no issue before the court in the case of the State v. Frank •Gregg on which perjury could be predicated. It was incumbent on the state to prove on the trial all the facts necessary to establish the charge of perjury. The state either did -or did not offer the record in State v. Frank Gregg to prove that the testimony of the defendant was material to some issue or subject of inquiry in the trial of said cause before the jury. If said record was not offered, there was a total failure of legal proof .as to the materiality of the alleged false testimony. If the record was offered, the question of its sufficiency to support the charge of perjury was a proper inquiry on the motion for a new trial.
According to the minutes of the court in State v. Frank Gregg, already cited, the defendant therein filed a motion to withdraw his plea of not guilty and also a demurrer, and the demurrer was overruled. The record does not show that the motion was granted by the court, or that the plea of not guilty was withdrawn. The record shows that, after the ruling on the demurrer, the accused announced ready for trial, and the case was tried as if on a plea of not guilty. “A plea of not guilty should be withdrawn before a demurrer, motion to quash, or plea in abatement is entertained; but, if it be not withdrawn, the defendant cannot take advantage of the omission. A plea in abatement or a motion to quash irregularly permitted to be filed after a plea of not guilty does not operate as a withdrawal of the plea of not guilty.” 12 Cyc. 352. The withdrawal of pleas is a matter wholly within the discretion of the court. 12 Cyc. 350; Harr’s Crim. Jurisprudence of La. 436, 437.
A motion to withdraw is not equivalent to a withdrawal, nor is the silence of the judge tantamount to a leave to withdraw. After the making of this dubious record, both parties treated the plea of not guilty as existent and proceeded to trial on the merits.
In State v. Frank Gregg the court had jurisdiction, and the indictment -was valid. The accused was arraigned and pleaded not guilty, and the ease was tried on the merits. On the trial the defendant in the present ease testified as a witness for Frank Gregg, and there was a mistrial. Defendant’s testimony then and there given tended to prove an alibi for Frank Gregg, and was therefore relevant and material to the issue actually tried before the jury.
In State v. Thibodaux, 49 La. Ann. 15, 21 South. 127, the verdict and judgment in the case in which the alleged perjury was committed had been annulled and reversed because of an illegality in the drawing of the grand jury which found the indictment. The court said:
“There was no want of jurisdiction of the court or informality in the indictment”
—and quoted from Wharton, as follows:
“A suit which is actually void for want of jurisdiction, or other incurable defects, is not one in which perjury can be committed. But if the proceedings are merely voidable, even though there be such defects as require a reversal on error, false swearing in its conduct is perjury, if such false evidence could by any contingency be introduced as testimony.” 2 Wharton’s Criminal Law, §§ 2225, 2212.
In the case at bar the record does not show an absolute want of arraignment and plea ab initio. The question here is whether the plea of not guilty was withdrawn, and on the face of the record we are not prepared to answer in the affirmative.
Judgment affirmed.