(83 South. 641)

No. 23781.

STATE v. CRUCIA.

(Dec. 2, 1919. Rehearing Denied Jan. 5, 1920.)

*(Syllabus by Editorial Staff.)*

1. INDICTMENT AND INFORMATION ☞136— QUASHING OF INDICTMENT.

An indictment may be quashed on the application either of the defendant or the prosecutor.

2. INDICTMENT AND INFORMATION ☞139— MOTION TO QUASH WILL NOT LIE AFTER PLEA OF NOT GUILTY.

After the prisoner has pleaded to the general issue "not guilty," no motion will lie to quash the indictment unless the plea is withdrawn, especially where he is present in court with his counsel refusing to withdraw his plea and demands a trial on the charge against him.

3. INDICTMENT AND INFORMATION ☞140(1)— INDICTMENT NOT TO BE SUMMARILY SET ASIDE.

No indictment charging the higher offenses which affect the public at large, such as keeping a disorderly house, will be summarily set aside.

4. CRIMINAL LAW ☞633(1)—CONSTITUTIONAL RIGHTS OF STATE AND ACCUSED.

In view of constitutional declaration that all courts shall be open and justice administered without denial, partiality, or unreasonable delay, the state, after filing a bill of indictment, has the right to be heard in prosecution of that charge, and accused has the right to appear in court to defend himself and to have counsel and cannot be deprived thereof, especially when present and protesting against action of trial judge in quashing the indictment.

5. DISORDERLY HOUSE ☞12 — INDICTMENT SUFFICIENTLY CHARGED KEEPING.

An indictment charging that accused "did keep a disorderly house, that is to say, did keep a house at No. 342 North Rampart street open to the public and conducted in a manner to disturb the public peace and quiet of the neighborhood, in that lewd women openly congregated therein for the purpose of soliciting men for immoral sexual intercourse, and lewd women then and there did openly solicit men for immoral sexual intercourse," charged an offense known to the law of Louisiana.

O'Niell and Provosty, JJ., dissenting.

Joseph Crucia was indicted for keeping a disorderly house, and from an order of the trial judge on his own motion quashing the indictment and discharging the accused, the State applies for writs of certiorari and prohibition and mandamus. Respondent Judge prohibited from executing the judgment ordering the indictment to be quashed and accused discharged, and the case reinstated on the docket of the court for trial.

The indictment charged that defendant "did keep a disorderly house, that is to say,

did keep a house at No. 342 North Rampart street open to the public and conducted in a manner to disturb the public peace and quiet of the neighborhood, in that lewd women openly congregated therein for the purpose of soliciting men for immoral sexual intercourse, and lewd women then and there did openly solicit men for immoral sexual intercourse."

Chandler C. Luzenberg, Dist. Atty., of New Orleans, for the State.

Robert H. Marr, of New Orleans, for respondent.

SOMMERVILLE, J.   The district attorney represents that the grand jury for the parish of Orleans returned an indictment charging Joseph Crucia with keeping a disorderly house, stating the nature of disorderly conduct in this house, at a designated place, on a certain day, in the city of New Orleans; that Crucia was arraigned and pleaded not guilty; that when the case was called for trial the judge, ex proprio motu, quashed the indictment and discharged the accused.

The district attorney then asked for a writ of prohibition against the district judge restraining him from quashing the indictment and for a writ of mandamus ordering him to proceed with the trial of the cause. The respondent judge has answered by sending up the record of the cause and saying that he was acting within his right as judge in quashing the indictment, because in a similar case (the Brooks Case, 83 South. 637),[1] wherein a motion to quash had been filed by the defendant and sustained by him, it would have been useless for him to have tried the case against Crucia.

[1, 2] The district attorney in his petition admits that the judge had the right to quash the indictment without any motion having been made to that effect and over the protest of the defendant through his counsel. We do not agree with the district attorney or

the judge on this point. An indictment may be quashed on the application either of the defendant or of the prosecutor. But, after the prisoner has pleaded to the general issue "not guilty," no motion will lie to quash the indictment unless the plea is withdrawn; and Crucia had pleaded to the general issue "not guilty," and he was present in court, with his counsel, refusing to withdraw his plea of not guilty, and at the same time demanding trial on the charge against him.

[3] It is a general rule, says Archbold, in his work on Criminal Practice and Pleading, vol. 1, p. 336 et seq., that no indictment which charges the higher offenses or affects the public at large, such as keeping a disorderly house, will be summarily set aside.

[4] The Constitution declares that all courts shall be open and justice administered without denial, partiality, or unreasonable delay. The courts are equally open to the state as to all persons. When, therefore, the state of Louisiana filed a bill of indictment against Crucia, it had the right to be heard in the prosecution of that charge. Likewise the accused had the same right to appear in court in answer to the summons, to be tried, and to defend himself. He had the constitutional right not only to defend himself, but to have the assistance of counsel in so doing. He could not be deprived of these rights, particularly when he was present and protesting against the action of the judge in quashing the indictment against him.

Every litigant, including the state in criminal cases, is entitled to nothing more than the cold neutrality of an impartial judge. He, the judge, cannot take the part of either side and refuse to hear a defendant who has been summoned for trial before him, and he must hear the state, or the representative of the state, in prosecuting the accused. It is the duty of the district attorney to investigate the truth of all criminal charges or accusations and to prosecute accused persons.

---

[1] Ante, p. 325.

In the case of State v. Harper, 145 La. 514, 82 South. 686, on rehearing, after the attention of the court had been called to the fact that there had been no motion to quash the indictment, it was held that the court was without authority to quash the indictment.

[5] The respondent judge further answered that the indictment charging the accused with keeping a disorderly house does not charge an offense known to the laws of this state, in that a disorderly house has not been defined by any statute of this state, and that the indictment was faulty, and no prosecution of the accused would lie thereunder.

The point is considered and disposed of in the Brooks Case, this day decided, wherein a motion to quash a similar indictment was filed by defendant, and was sustained by the trial court.

For the foregoing reasons, and for the reasons in the Brooks Case, this day decided, it is ordered, adjudged, and decreed that the respondent judge be prohibited from executing the judgment ordering the indictment against Joseph Crucia to be quashed and the discharge of the accused. It is further ordered that the case of State v. Crucia be reinstated on the docket of the court, and the trial thereof be proceeded with.

PROVOSTY, J., dissents.

See dissenting opinion of O'NIELL, J., 83 South. 643.