(91 South. 758)

No. 25156.

## STATE v. DOMENGEAUX.

(May 1, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬤⟿1144(4)—When minutes show withdrawal of plea, it is assumed that it was withdrawn with court's permission.**

Where the minutes state that the defendant withdrew his plea of not guilty, it will be assumed that this was done with permission of the court, in the absence of anything to the contrary, especially where the minutes are signed and approved by the judge.

**2. Criminal law ⬤⟿261(2) — Conviction set aside when defendant not rearraigned after withdrawal of plea.**

Where there was no arraignment after defendant withdrew his plea of not guilty and filed a motion to quash, the case not being at issue, the conviction must be set aside.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Ward Domengeaux was convicted of selling and having possession of intoxicating liquor, and he appeals. Conviction and sentence set aside, and case remanded.

John L. Kennedy, of Lafayette, and John G. Roos, for appellant.

A. V. Coco, Atty. Gen., Percy T. Ogden, Dist. Atty., of Crowley (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

DAWKINS, J. Defendant appeals from a conviction and sentence of selling and having in his possession intoxicating liquors contrary to law.

After pleading not guilty, the minutes of the lower court show the following:

"The accused, Ward Domengeaux, being present in open court and being represented by counsel, and the district attorney also being present, the said Ward Domengeaux through his counsel *withdrew his plea of not guilty* previously entered, and filed a written motion to quash the bill of information herein filed against him," etc.

"Said motion to quash was taken up, tried, argued, submitted, and overruled by his honor, the presiding judge, to which ruling of the court counsel for defendant excepted, and reserved a bill of exceptions, and, the said case having been previously fixed for trial for today, and being a case to be tried before his honor, the presiding judge, the state and the defense having declared their readiness to proceed to trial, whereupon the said case was taken up and tried," etc.

The minutes were signed by the judge.

[1] Counsel for defendant have filed in this court an assignment of errors, calling attention to the above minute entry, and suggesting the invalidity of the trial without rearraignment. In response thereto, counsel for the state contend that the said entry does not affirmatively show that the plea was withdrawn with the permission of the court, and cites the case of State v. Gregg,

123 La. 610, 49 South. 211, mainly in support of that position. In that case, the defendant, Eva Gregg, was convicted of perjury, and she filed a motion for a new trial, alleging that there had been no arraignment of the accused in another case, styled State v. Frank Gregg, in which case she, as a witness, was charged with having committed perjury. With reference to the arraignment of Frank Gregg (not the defendant in State v. Gregg, supra) we found as follows:

"According to the minutes of the court in State v. Frank Gregg, already cited, the defendant therein filed a motion to withdraw his plea of not guilty and also a demurrer, and the demurrer was overruled. The record does not show that the motion was granted by the court, or that the plea of not guilty was withdrawn. The record shows that, after the ruling on the demurrer, the accused announced ready for trial, and the case was tried as if on a plea of not guilty."

However, in the present case, the record does state affirmatively that the plea was withdrawn, and we assume that it was done with the permission of the court, in the absence of anything to the contrary, especially since the minutes are signed and approved by the judge. The difference between the two cases is that in the Gregg Case a motion to withdraw the plea of not guilty was filed, but not acted upon; while in this case, the plea was actually withdrawn.

[2] The case not being at issue when tried, the conviction will have to be set aside. State v. Doucet, 136 La. 180, 66 South. 772; State v. Hunter, 43 La. Ann. 157, 8 South. 624; State v. Stewart, 45 La. Ann. 1167, 14 South. 143.

It therefore becomes unnecessary to pass upon the other issues.

For the reasons assigned, the conviction and sentence appealed from are set aside, and this case is remanded to be proceeded with according to law.