(105 So. 71)

No. 27233.

## STATE v. MEYERS.

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law** ⟨⟩**968(5)—Judgment not arrested because defendant allowed to file motion to quash indictment.**

In liquor prosecution under Act No. 39 of 1921, judgment of conviction will not be arrested because court allowed defendant to file a motion to quash indictment; such motion not operating to set aside previous arraignment and plea of not guilty so as to make subsequent trial without issue joined.

**2. Criminal law** ⟨⟩**1158(1)—Motion for new trial, because verdict not supported by evidence, presents nothing for consideration by Supreme Court.**

In liquor prosecution, motion for new trial, because verdict was not supported by evidence, presented nothing for consideration by Supreme Court, in view of Const. 1921, art. 7, § 10, par. 7.

Appeal from Fifth Judicial District Court, Parish of Franklin; John R. McIntosh, Judge.

George Meyers was convicted of selling intoxicating liquors for beverage purposes, and he appeals. Affirmed.

George T. Edwards and S. R. Holstein, both of Winnsboro, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Carey J. Ellis, Jr., Dist. Atty., of Rayville (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ST. PAUL, J. Appellant was charged with selling intoxicating liquor for beverage purposes. He waived arraignment, and pleaded not guilty. Afterwards he withdrew his plea of not guilty and moved for a bill of particulars, which was furnished. Thereupon he again waived arraignment and pleaded not guilty.

The minute note of his trial is as follows:

"Accused through his counsel asked leave to withdraw his former plea of not guilty, which was objected to by the district attorney. De-fendant was then permitted by the court to file a motion to quash the indictment, which was taken up and tried and overruled, and bill reserved by defendant. The case was taken up for trial and after testimony was adduced by state and defendant and submitted to the court there was a verdict of guilty rendered."

Defendant then moved in arrest of judgment, on the ground:

"That, in allowing the application of the defendant to file said motion, as he requested to withdraw his original plea of not guilty for the purpose of filing same, the legal effect of the court's action was to nullify and set aside the previous arraignment of this mover, and that by ordering him to trial he was convicted without issue joined, and that therefore his trial is illegal, null, and void and judgment should be arrested herein."

Which motion was duly overruled.

### I.

[1] In support of his contention that the legal effect of allowing him to file a motion to quash the indictment was to set aside his previous arraignment and plea of not guilty, appellant relies on State v. Crucia, 146 La. 333, 83 So. 641, wherein this court said:

"An indictment may be quashed on the application either of the defendant or of the prosecutor. But, after the prisoner has pleaded to the general issue 'not guilty,' no motion will lie to quash the indictment unless the plea is withdrawn. * * *"

But that case is not authority for what appellant contends; it is authority only for this, that the motion to quash was improperly allowed as long as the defendant had not been permitted to withdraw his plea of not guilty.

### II.

On the other hand, in State v. Gregg, 123 La. 610, 49 So. 211, this court said:

" 'A plea of not guilty should be withdrawn before a demurrer, motion to quash, or plea in abatement is entertained; but, if it be not withdrawn, the defendant cannot take advantage of the omission. A plea in abatement or a motion to quash irregularly permitted to be filed after a plea of not guilty does not operate as a withdrawal of the plea of not guilty.' 12 Cyc. 352. The withdrawal of pleas is a matter wholly within the discretion of the court. 12 Cyc. 350; Marr's Crim. Jurisprudence of La.

436, 437 [First Edition]. A motion to withdraw is not equivalent to a withdrawal, nor is the silence of the judge tantamount to a leave to withdraw."

And again, in State v. Seals, 135 La. 602, 65 So. 756, this court said:

"The contention that the mere filing of the motion to quash operated as a withdrawal of the plea of not guilty is without merit. See State v. Gregg, 123 La. 610, 49 So. 211.
"In the recent case of Garland v. State of Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. Ed. 772, the Supreme Court of the United States, reversing Crain v. United States, 162 U. S. 625, 16 S. Ct. 952, 40 L. Ed. 1097, * * * unanimously approved the views expressed in the dissenting opinion of Mr. Justice Peckham in the Crain case, to the effect that a waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had interposed, and the accused made no objection until after verdict."

[2] The motion in arrest of judgment is therefore without merit. The motion to quash, on the ground that the indictment charges no offense known to the law, is also without merit. Act 39 of 1921, p. 42. The motion for a new trial, on the ground that the verdict is not supported by the evidence, presents nothing for the consideration of this court. Const. 1921, art. 7, § 10, par. 7, p. 40.

### Decree.

The judgment appealed from is therefore affirmed.